## INJURY FROM SLIPPING WHERE THE DANGER IS MANIFEST.

Circuit Court of Cuyahoga County.

### H. J. DUNN v. THE LAKE SHORE NAVIGATION CO.

Decided, December 17, 1909.

*Negligence—Slippery Threshold on Steamer.*

One who steps upon a smooth, polished, brass threshold of a door on
a steamer, such as are usually found on steamers and with which
he was familiar, the same being in plain view, and slips and is
injured, can not recover damages from the steamboat company.

*D. D. Hurlbut* and *W. C. Ong,* for plaintiff in error.
*Goulder, Holding & Masten,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The parties here are as they were in the court below. The
defendant is a corporation owning the steamer Eastland.  On
the 14th of July, 1907, the plaintiff took passage on said steamer
in the morning from Cleveland to Cedar Point, returning to
Cleveland on the same boat in the afternoon.

When the steamer arrived at Cleveland it was getting dark
and the boat was well lighted by electricity.  Shortly before
the arrival of the boat at Cleveland the plaintiff, who was in
the main cabin on the promenade deck, started to walk out onto
the open deck outside of the cabin, carrying in his arms his
little daughter, about two years old.  In passing out from the
cabin to the open deck, he stepped on a brass plate across the
bottom of the doorway, placed there like a door threshold.  This
plate was polished and smooth and as his foot stepped upon it
he slipped and fell, thereby sustaining an injury, to recover
damages for which he brought his action in the court of common
pleas.  He charges that the defendant was negligent in the
construction and maintenance of said door plate or threshold,
and in keeping the same so highly polished.  At the close of the
evidence on the part of the plaintiff, on motion of the defendant,
the court directed a verdict for the defendant, which was ren-

dered and judgment entered accordingly.   That judgment is here for review upon proper proceedings.

We are of opinion that there was no error on the part of the court in directing a verdict, as it did.   The evidence fails to show that there was any difference in the construction of this door plate or threshold, or in the maintaining of it in its polished condition, from that in general use upon passenger steamers. It fails to show that it was an improper construction, or that it was more thoroughly polished than similar door plates or thresholds usually are on steamers.   It shows also that the plaintiff had been a passenger on the boat and been all about it on the trip from Cleveland to Cedar Point in the forepart of the day and had had opportunity to see exactly what the condition of this door plate or threshold was, both on the journey to and from Cedar Point; that the lights, at the time of the accident, were sufficiently brilliant, so that a glance on plaintiff's part to the door plate or threshold would have shown him its condition.

From the evidence introduced the jury would not have been justified in finding that any negligence on the part of the defendant was shown, nor that there was anything about this door plate or threshold which by the most ordinary observation would not have been known by the plaintiff, and on this ground we affirm the judgment of the court below.

Judgment affirmed.